IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| THOMAS F. KANE, | § | |
| | § | |
| Defendant Below, | § | No. 172, 2019 |
| Appellant, | § | |
| | § | Court Below—Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| STATE OF DELAWARE, | § | Cr. ID No. 0612001862 (K) |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: May 8, 2019
Decided: July 15, 2019

Before **STRINE**, Chief Justice; **VALIHURA** and **TRAYNOR,** Justices.

## **ORDER**

Having considered the motion to consolidate, the notice to show cause, and the responses to the notice to show cause, it appears to the Court that:

(1)    On April 22, 2019, the appellant, Thomas F. Kane, filed a notice of appeal from a Superior Court order, dated March 29, 2019, denying his motion for recusal of the bench.  He also filed a motion to consolidate this appeal with *McNeil v. State*, No. 174, 2019.  The Senior Court Clerk issued a notice directing Kane to show cause why this appeal should not be dismissed for his failure to comply with Supreme Court Rule 42 in filing an appeal from an interlocutory order.  In his response to the notice to show cause, Kane argues that the Superior Court order is final.

(2)     The notice to show cause should have directed Kane to show cause why his appeal should not be dismissed due to this Court's lack of jurisdiction under Article IV, § 11(1)(b) of the Delaware Constitution to hear an interlocutory appeal in a criminal case.  This Court may only review a final judgment in a criminal case.[1] An order denying a motion for recusal is not a final order.[2]  Notwithstanding the mistake in the notice to show cause, the Court concludes that this appeal should be dismissed under Supreme Court Rule 29(c).  The notice of appeal, on its face, manifestly fails to invoke the jurisdiction of this Court.  We further find that giving notice of the defect "would serve no meaningful purpose and that any response would be of no avail."[3]

NOW, THEREFORE, IT IS ORDERED, under Supreme Court Rule 29(c), that this appeal is DISMISSED.  The motion to consolidate is MOOT.

BY THE COURT:

*/s/ Leo E. Strine, Jr.*
Chief Justice

---

[1] Del. Const. art. IV, § 11(1)(b).  *See also Gottlieb v. State*, 697 A.2d 400, 401 (Del. 1997) (holding this Court lacks jurisdiction to review interlocutory orders in criminal cases).

[2] *See, e.g.*, *Shelley v. State*, 2018 WL 6331623, at *1 (Del. Dec. 3, 2018) (dismissing appeal from denial of motion to recuse as interlocutory); *Desmond v. State*, 2010 WL 3673039, at *1 (Del. Sept. 21, 2010) ("The denial of a motion for recusal of a judge is not a final, appealable order.").

[3] Supr. Ct. R. 29(c) (providing for dismissal *sua sponte* if the appeal "manifestly fails on its face to invoke the jurisdiction of the Court and where the Court concludes, in the exercise of its discretion, that the giving of notice would serve no meaningful purpose and that any response would be of no avail.").

2